370

## In re BUMPASS.
### No. 3701.

District Court, N. D. Texas, at Dallas.
April 29, 1939.

Joel R. Bond, of Dallas, Tex., and Thomas Bond, of Terrell, Tex., for the review.

Frank Killough, of Houston, Tex., opposed.

ATWELL, District Judge.

The question here arises out of Section 2(a), Chandler Act, 11 U.S.C.A. § 203 note, which is as follows: "Any farmer who filed a petition under section 75 of the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States', approved July 1, 1898, as amended, and in whose case a bankruptcy court has, under subsection (s) thereof, granted a stay of proceedings may, if the period for which such stay was granted has expired or is about to expire, make application to such court for an extension of such stay. If the court finds that such farmer has substantially complied with the provisions of paragraph (2) of subsection (s) of section 75 of such Act, as amended, during the period of such stay, the court may extend the period of such stay to November 1, 1939."

The statute, it will be noticed, after requiring that the debtor shall have complied with the provisions fixing the three-years' extension for him, does not say that the court *shall* give him a further moratorium until November 1st, 1939, but that the court *may* do so.

This evidently means, not that the court shall engage in some chance, such as the tossing of a coin, to determine whether the extension shall be granted, but that the extension shall depend upon a judicial discretion based on the particular facts of the case. Those facts must be related to the purpose of the extension, namely, the rehabilitation of the debtor—the salvaging of what he has accumulated—a recognition of his efforts, or, a lack of them, to settle with his creditors, and such other considerations as are suggested by the soul of the statute.

The referee found that the farms which belong to the debtor, and which are under encumbrance, and especially those that are obligated for the benefit of creditors, Bond and Allen, are in as good, or better, shape than they were at the beginning of the three-year extension period which begun on April 29th, 1936. He also found that the bankrupt had complied with all of the provisions of the Act.

The record discloses, that while he made the rental payments that the court had stipulated, he did make use of some of those funds for fences, and a tank, which uses, probably, were not authorized, as the money really belonged to the creditors.

One small tract seems to have been taken out of cultivation entirely, and is rented for pasturage.

The indebtedness against the lands appears to be larger than the present value thereof.

During the three years which have just expired, the debtor has done practically nothing in the way of realizing upon his assets, or of taking advantage of the extension for the purpose of satisfying his creditors in order to save his property, or, any portion of it. The extension has resulted in increased indebtedness by the accrual of interest, and the consequent jeopardy to second lienholders who must protect themselves against first lienholders, if they are to realize any benefit from the property.

The debtor has lived in his encumbrance-free homestead in Terrell, and engaged in the practice of law, while his wife has carried on the dairy business from some separate property that was vested in her.

Creditors, Bond and Allen, secured foreclosure rights in the state court, but have been restrained from harvesting thereon, by this court.

It seems that the debtor, many years ago, was a farmer. He then went into the law business, and, later, in the banking business, in the latter of which he suffered reverses, and then sought to return to his law business. At this time he is seventy-three years of age, and is not reaping a very rich reward in that field. He actively superintends the farms, farming some of them on the halves; gives personal supervision to the fences; looks over the farms, and visits them practically every day. A large part of his income is from them. See In re matter of Bumpass, D.C., 23 F.Supp. 876.

Texas has many oil fields, and from time to time, during the past, wells have been sunk in Kaufman County, and more or less distantly contiguous to the lands of the debtor in that county. Such wells have proven dry. Another well is now being drilled, and is down to the depth of fourteen hundred feet, but there has been no discovery of any additional indication to lead the court to think that it will be any more profitable than have been the others. It is such a remote, speculative contingency that it is hardly sufficient to delay the machinery of foreclosure past the rental periods for 1940. The present rental contracts will have been largely completed by the time a foreclosure can now be had. In the event oil is discovered, the debtor has his right of redemption.

The potential power that is vested in the court by the amendment under consideration may not be exercised on sentiment, nor chance, nor in the face of facts such as this record discloses. The insolvency of the debtor grows more apparent, and the creditors' claims are continually enlarging. The hopelessness of the debtor's situation precludes the ripening of any reasonable judicial discretion demanding further delay.

The application is denied, and foreclosures may go forward.